IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID LEE LOWE, TDCJ #701500, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-19-0896 |
| KEN PAXTON, et al., | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

State inmate David Lee Lowe (TDCJ #701500) has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), seeking relief from his wrongful conviction and imprisonment in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Lowe has also filed an Application to Proceed In Forma Pauperis (Docket Entry No. 2) and a Motion for Appointment of Counsel (Docket Entry No. 3). Because Lowe is a prisoner who seeks leave to proceed in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. **Background**

Lowe is presently incarcerated by TDCJ at the Estelle Unit in Huntsville.[1] According to an exhibit attached to the Complaint, Lowe is currently in custody as a result of the following state court convictions: (1) indecency with a child (1986) in Dallas County Cause No. F86-85990-SM; (2) burglary of a building (1994) in Dallas County Cause No. F-9400379-W; (3) forgery (1994) in Dallas County Cause No. F-9433419-NW; and (4) three counts of online solicitation of a minor under the age of 14 (2017) in Tarrant County Cause No. 1487117D.[2]

Lowe has filed this civil rights action under 42 U.S.C. § 1983 against the following defendants: (1) State Attorney General Ken Paxton; (2) TDCJ Executive Director Bryan Collier; (3) TDCJ Director Lorie Davis; (4) Estelle Unit Warden D. Dickerson; and (5) Attorney at Law Barry G. Johnson,[3] who represented Lowe in connection with the charges lodged against him for online solicitation of a minor under 14 years of age in Tarrant County

---

[1]Complaint, Docket Entry No. 1, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[2]See Complaint, Exhibit C, Offense History for David Lee Lowe (TDCJ #701500), Docket Entry No. 1, p. 31; see also Texas Department of Criminal Justice Offender Information, located at: http://offender.tdcj.texas.gov (last visited March 15, 2019).

[3]Complaint, Docket Entry No. 1, p. 9.

Cause No. 1487117D.[4] Lowe claims that he has been wrongfully prosecuted and convicted of "non-existent" criminal offenses in violation of his constitutional rights.[5] Lowe seeks his immediate release from prison and $250,000.00 in monetary damages from each defendant for his wrongful conviction and imprisonment.[6] The court concludes, however, that the Complaint must be dismissed because Lowe fails to articulate a claim upon which relief may be granted under 42 U.S.C. § 1983.

## II. Discussion

Lowe sues the defendants in this case under 42 U.S.C. § 1983 for wrongful conviction and imprisonment. "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Lefall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994) (citations omitted).

To the extent that Lowe seeks his immediate release from prison, his "sole federal remedy" is a federal habeas corpus proceeding governed by 28 U.S.C. § 2254. See Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973). The court declines to treat the

---

[4]See Complaint, Exhibits D-F, Judgements of Conviction by Court – Waiver of Jury Trial, Docket Entry No. 1, p. 32.

[5]Complaint, Docket Entry No. 1, p. 10.

[6]Id. at 10, 25.

Complaint as a habeas corpus petition because, as Lowe admits in his pleadings, he has not yet completed state habeas corpus review of the Tarrant County convictions entered against him most recently in 2017.[7] As a result, he has not yet exhausted available state court remedies as required by 28 U.S.C. § 2254(b). The Dallas County convictions entered against Lowe previously in 1986 and 1994, appear to be barred from federal habeas corpus review by the governing one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

To the extent that Lowe seeks monetary damages for his wrongful imprisonment under 42 U.S.C. § 1983, the Complaint must be dismissed for failure to state a viable claim. Lowe does not allege facts showing that Paxton, Collier, Davis, or Warden Dickerson had anything to do with securing his underlying convictions. Absent any personal involvement or the enforcement of a constitutionally deficient policy, Lowe does not articulate a viable claim against these individuals, who appear to be named only in their capacity as supervisory officials. See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).

Although Johnson represented Lowe in connection with the convictions entered against him in Tarrant County, it is well established that criminal defense attorneys, even court-appointed ones, are not state actors for purposes of a suit under 42 U.S.C.

---

[7] Id. at 5-7.

§ 1983. See Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (citing Polk Cty. v. Dodson, 454 U.S. 312, 324-25 (1981); Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988)). Because a civil rights complaint made against a criminal defense attorney contains no state action, such a complaint fails to state a claim upon which relief can be granted as a matter of law. See Hudson, 98 F.3d at 873; see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).

More importantly, a prisoner cannot recover monetary damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). Because none of Lowe's underlying convictions have not been set aside or invalidated, his civil rights claims are not cognizable under 42 U.S.C. § 1983. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met"). Accordingly, his Complaint will be dismissed with prejudice as legally frivolous and for failure to state a

claim under 42 U.S.C. § 1983.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The plaintiff's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.
2. Officials at the TDCJ Inmate Trust Fund are directed to deduct the filing fee for indigent litigants ($350.00) from the Inmate Trust Fund account of David Lee Lowe (TDCJ #701500), in periodic installments pursuant to 28 U.S.C. § 1915(b), and forward those funds to the Clerk of Court until the entire fee is paid.
3. Lowe's Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice** and will count as a strike for purposes of 28 U.S.C. § 1915(g).
4. Lowe's Motion for Appointment of Counsel (Docket Entry No. 3) is **DENIED**.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and (3) the Three Strikes List**

at **Three_Strikes@txs.uscourts.gov**.

**SIGNED** at Houston, Texas, on this 18th day of March, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE